**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JUSTIN SPIEHS,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL KLUMPP, ET AL.,<br><br>Defendants. | Case No. 26-CV-4018-DDC-JBW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Stay Discovery (Dkt. 21). Defendants Russell Klumpp, Jerry Monasmith, Phillip Anderson, Luke Jones, Adam Arensdorf, Joshua Baker, Byan Willyard, Scott Cowman, Aaron Bulmer, Brandon Austin, and Cashton Taggart (collectively "individual Defendants") ask the Court to stay discovery pending the District Judge's ruling on their pending Motion to Dismiss (Dkt. 15). The individual Defendants argue a stay is appropriate, as their Motion to Dismiss asserts qualified immunity. Plaintiff does not oppose a stay of discovery as to the individual Defendants, but opposes a stay as to Defendant City of Topeka ("municipal Defendant"), arguing the municipal Defendant is not entitled to qualified immunity. For the reasons set forth below, the Court grants Defendants' Motion to Stay as to all Defendants.

## I. Background

Plaintiff filed this action against Defendants arising from incidents which occurred at the Topeka Public Library and Topeka Police Department. Plaintiff alleges he is a Kansas citizen who regularly engages in civic advocacy and public speech on matters of government accountability, policing, and public corruption. Plaintiff states he exercises these rights by attending public

locations, holding signs, recording public officials, and attempting to file crime reports when he believes crimes have been committed by government employees. On August 25, 2025, Plaintiff attended a First Amendment informational presentation at the Topeka Public Library organized by Loud Light. Plaintiff brought anti-abortion signs to the presentation, which he alleges to have silently displayed. During the presentation, the presenter told the audience that obscene gestures may result in removal from spaces such as the Topeka Public Library. Upon hearing this, Plaintiff extended his middle finger. The presenter allegedly then asked officers to remove Plaintiff from the presentation. Plaintiff was ultimately instructed to leave to leave the library or face going to jail. Plaintiff left the library and was given a no trespass citation. Plaintiff was then banned from the Topeka Public Library for six months and was warned that if he returned to the library, he would be arrested for trespassing.

On September 5, 2025, Plaintiff entered the Topeka Police Station with signs stating the names of officers and criticizing their actions, and recording officers conducting police business. Plaintiff alleges he was asked what business he had at the police station, and after confrontation with officers, left voluntarily. Plaintiff again entered the police station on September 8, 2025, to file criminal charges against the officers involved in the September 5, 2025 confrontation. After a confrontation with a different officer, Plaintiff was detained. Plaintiff now alleges the individually named Defendants violated his First and Fourth Amendment rights in violation of 42 U.S.C. § 1983. Plaintiff further brings *Monell* claims against the municipal Defendant pursuant to 42 U.S.C. § 1983.

The municipal Defendant filed its Motion to Dismiss on March 19, 2026 (Dkt. 6), arguing Plaintiff failed to state a claim. The individual Defendants filed their Motion to Dismiss (Dkt. 16)

on August 24, 2026, arguing they are entitled to qualified immunity and Plaintiff otherwise fails to state a claim.

## II. Legal Standards

The decision regarding whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] A court may stay discovery on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[2] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] A stay is not favored because it can delay the timely resolution of a matter.[4] Thus, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[5]

There are, however, recognized exceptions to this general rule.[6] A stay pending a ruling on a dispositive motion is appropriate if (1) the case is likely to be finally concluded via the dispositive

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("District court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[2] *See* Fed. R. Civ. P. 26(c). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[4] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[5] *McDaniel v. Lakeview Vill., Inc.*, No. 23-2090-TC-TJJ, 2023 WL 4198601, at *1 (D. Kan. June 27, 2023) ("longstanding 'general policy in this district is not to stay discovery even though dispositive motions are pending'" (quoting *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994))).

[6] *Id.*; *Tennant v. Miller,* No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007); *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[7] If any one of these factors is present, a stay may be appropriate.[8]

## III. Analysis

The parties agree discovery should be stayed as to the individual Defendants, as their Motion to Dismiss raises issues of qualified immunity.[9] The parties, however, disagree whether discovery should be stayed as to the municipal Defendant. Plaintiff argues the municipal Defendant did not join the Motion to Stay, has not asserted qualified immunity, and allowing the case to move forward to the extent possible serves Fed. R. Civ. P. 1. Defendants argues the outcome of the individually named Defendants' claims of qualified immunity will have a substantial effect on the municipal Defendant's litigation strategy, and discovery should be stayed as to all parties.

The Court agrees discovery should be stayed as to all parties. In the Complaint, Plaintiff states the municipal Defendant's policies, customs, and practices "were the moving force behind the violations of Plaintiff's First and Fourth Amendment rights," as the municipal Defendant "maintained a custom of enforcing trespass laws in public forums based solely on the content or viewpoint of expressive activity, including the practice of removing individuals from public meetings at the request of event organizers without any independent evaluation of disruption,

---

[7] *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). *McDaniel*, 2023 WL 4198601, at *1; *Fattaey v. Kansas State Univ*., No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[8] *Wolf*, 157 F.R.D. at 495.

[9] *See Stonecipher v. Valles*, 759 F.3d 1134, 1149 (10th Cir. 2014) ("[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity.").

safety, or lawful basis."[10] This claim is not dissimilar from Plaintiff's claims against the individually named Defendants. Because of the blurred line between discovery related to the claims against the individual Defendants and those against the municipal Defendant, if the Court were allow discovery to proceed as to the municipal Defendant only, "there is a very real possibility that there would be a duplication of discovery in the future, particularly if the decision on qualified immunity were affirmed. This would be both expensive and inefficient."[11] Therefore, the Court finds that in the interest of judicial economy, the entire case should be stayed pending a ruling on the Motions to Dismiss due to the practical difficulties in proceeding only against the municipal Defendant.[12]

Further, Plaintiff alleges no burden if a full stay is granted.[13] Defendants, however, would clearly be burdened if discovery were to proceed as to the municipal Defendant. Given the similarity of the claims, even if the Court issued a partial stay only in connection with the claims against the individual Defendants, the common core of operative facts between those claims and the claims on which discovery would continue would still necessitate the involvement of those individual Defendants asserting qualified immunity in discovery—undercutting part of a rationale for a stay in the first place.[14]

---

[10] Pl.'s Compl., Dkt. 1, at p. 19.

[11] *Lowery v. Cnty. of Riley*, No. 04-3101-JTM, 2007 WL 4570964, at *2 (D. Kan. Dec. 27, 2007).

[12] *See Kennon v. Ashley*, No. 24-4034-JWB-BGS, 2024 WL 4826901, n.1 (D. Kan. Nov. 19, 2024); *Marks v. City of Parsons, Kan.*, No. 25-2617-JWB-ADM, 2025 WL 3460165, at *2 (D. Kan. Dec. 2, 2025) ("Although discovery could go forward against other defendants named in this suit, split discovery can be messy and inefficient.").

[13] *See Rezene v. USD 500 Kansas City, Kansas*, No. 25-2305-HLT-GEB, 2025 WL 3140358, at *2 (D. Kan. Nov. 10, 2025).

[14] *See Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592, at *3 (D. Kan. Nov. 21, 2013) ("Because the claims against Defendants are so closely related, allowing discovery to proceed as to the City while the Motion to Dismiss awaits ruling would prejudice [party asserting

Where Plaintiff alleges no burden if discovery in this case is stayed in full, and the claims against all Defendants are so similar as to necessitate the involvement of those individual Defendants asserting qualified immunity, the interests weigh in favor of a complete stay to avoid the individual Defendants being deprived of the benefit of qualified immunity. In the Court's discretion, the deadlines set forth in the Initial Order Regarding Planning and Scheduling (Dkt. 17) and discovery will be stayed until Defendants' Motions to Dismiss are decided. In the event any claim remains after the Court enters orders on the Motions to Dismiss, the parties are directed to contact the Magistrate Judge's chambers within 7 days of the Court's order with proposed dates/time to re-set the Scheduling Conference.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Stay Discovery (Dkt. 21) is GRANTED. The deadlines set forth in the Initial Order Regarding Planning and Scheduling (Dkt. 17) and discovery will be stayed until Defendants' Motions to Dismiss are decided.

**IT IS FURTHER ORDERED** that in the event any claim remains after the Court enters orders on the Motions to Dismiss, the parties are directed to contact the Magistrate Judge's chambers within 7 days of the Court's order with proposed dates/time to re-set the Scheduling Conference.

**IT IS SO ORDERED.**

Dated September 25, 2026, at Kansas City, Kansas.



Jennifer B. Wieland
U. S. Magistrate Judge

qualified immunity] in precisely the manner that the stay as to [party asserting qualified immunity] is intended to prevent.").